BOARD OF SUPERVISORS OF WARREN COUNTY v. W. O. WOR-
RELL, SHERIFF.

1. APPEAL IN CRIMINAL CASE. *Bond for jail fees.* *Code* 1880, § 2335.
   Where the sentence in a capital case is imprisonment in the penitentiary
   for life instead of the death penalty, on appeal to the supreme court, the
   defendant, to have a stay, must give bond under § 2335, code 1880, to
   secure payment of the jail fees to accrue pending the appeal.

2. SAME. *When county not liable for fees.*
   In case of an appeal *in forma pauperis*, by a defendant sentenced to life im-
   prisonment, no bond being given for maintenance in jail, the sheriff after
   refusal to deliver the prisoner to the penitentiary authorities for incar-
   ceration, cannot recover from the county the jail fees accruing after
   such refusal and pending the appeal.

FROM the circuit court of Warren county.

HON. RALPH NORTH, Judge.

Finley Starks was convicted of murder at the March term, 1889,
of the circuit court of Warren county, the jury fixing the punish-
ment at imprisonment in the penitentiary for life.

He prosecuted an appeal to the supreme court *in forma pauperis*,
giving no bond to secure payment of jail fees. He remained in
jail in custody of the appellant, W. O. Worrell, sheriff and jailer.
The authorities of the penitentiary being notified of the conviction,
applied for the prisoner, but the sheriff refused to give him up.
Afterwards the sheriff presented to the circuit court for allowance
an account amounting to $55.20, for maintenance of the prisoner
in jail during the appeal. J. M. Gibson, district-attorney, on be-
half of the county, objected to the account; but the court overruled
the objection and made the allowance. To this action a bill of
exceptions was taken, showing the above facts, and the county
appealed.

Section 2335, code 1880, provides as follows :—

"  *  *  * If the appellant shall make affidavit that he is
unable to give an appeal bond, and unable to deposit a sufficient
sum of money with the clerk to cover said costs, he shall have an

appeal without bond or deposit for costs, and his appeal shall stay the judgment appealed from; but if he shall not give bail, he shall, in order to have a stay of the judgment, except in capital cases, give to the sheriff satisfactory security to pay the jail fees to accrue pending the appeal if the judgment appealed from shall be affirmed."

*T. M. Miller*, attorney-general, for appellant.

The circuit court allowed this bill on the idea, I assume, that, as a capital felony was charged, the judgment was superseded by Starks's appeal. This view, I submit, was erroneous.

Section 2335 of the code was manifestly intended to save the public from the expense of maintaining persons convicted of felony pending appeal. Hence it was provided that persons so convicted and appealing to the supreme court, in order to have the sentence superseded, should give bond to pay the jail fees to accrue pending the appeal. Of course, capital cases were excepted, but in this connection it is obvious that the words "capital cases" refer to judgments imposing the death penalty. The case as to which the right to a supersedeas was supposed to exist was not capital. The judgment not being capital, the prisoner should have been in the penitentiary.

*J. M. Gibson*, district-attorney, on the same side.

*Blackwell, McLaurin & McLaurin*, for appellee.

The statute says: "In order to have a stay of the judgment, except in capital cases, bond must be given, etc." Does the fact that the jury fixed Starks's punishment at imprisonment for life take the case out of the exception? We contend not. If he is granted a new trial and is convicted again, no one will question the power of the court to inflict the death penalty, unless the jury should again fix the punishment at imprisonment for life.

Manslaughter and embezzlement may be punished by fine or imprisonment in the county jail instead of the penitentiary, but that makes them no less felonics.

Nor does the fact that the jury fixed the punishment of Starks

at imprisonment take the case out of the exception and make it any less a capital case.

COOPER, J., delivered the opinion of the court.

Since by the verdict of the jury Starks was sentenced to imprisonment for life, instead of capital punishment, he was not entitled to stay of the judgment, except upon giving security for the payment of the jail fees to accrue pending his appeal. The sheriff, having declined to surrender the convict to the proper officers for incarceration in the penitentiary, cannot recover the fees claimed.

*Judgment reversed, the allowance refused, and petition dismissed.*